SEYFARTH SHAW LLP
Ryan McCoy (SBN 276026)
rmccoy@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone:   (415) 397-2823
Facsimile:    (415) 397-8549

SEYFARTH SHAW LLP
Michelle Zakarian (SBN 327628)
mzakarian@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile:    (310) 201-5219

Attorneys for Defendant
SUEZ WTS SERVICES USA, INC. and GE
MOBILE WATER, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

| | |
|---|---|
| MARTIN BULNES, individually, and on behalf of other members of the general public similarly situated,<br><br>        Plaintiff,<br><br>     v.<br><br>SUEZ WTS SERVICES USA, INC., an unknown business entity; GE MOBILE WATER, INC., an unknown business entity; and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No. 37-2022-00021906-CU-OE-CTL<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>Action Filed:  June 7,  2022 |

Defendants SUEZ WTS SERVICES USA, INC. and GE MOBILE WATER, INC. ("Defendants") hereby answer the unverified Class Action Complaint for Damages ("Complaint") filed by Plaintiff Martin Bulnes ("Plaintiff") as follows:[1]

## GENERAL DENIAL

Pursuant to the provisions of California Code of Civil Procedure Section 431.30(d), Defendants deny, generally and specifically, each and every allegation, statement, matter and purported cause of action contained in the Complaint, and without limiting the generality of the foregoing, deny, generally and specifically, that Plaintiff and those persons he seeks to represent have been damaged in the manner or sums alleged, or in any way at all, by reason of any acts or omissions of Defendants.

## ADDITIONAL DEFENSES

Defendants have not completed their investigation of the facts of this case, have not completed discovery in this matter, and have not completed its preparation for trial.  The additional defenses asserted herein are based on Defendants' knowledge, information, and belief at this time, and Defendants specifically reserve the right to modify, amend, or supplement any additional defense contained herein at any time.  Without conceding that they bear the burden of proof or persuasion as to any one of them, Defendants alleges the following additional defenses to the Complaint:

## FIRST ADDITIONAL DEFENSE

### (Failure to State a Claim For Relief)

The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants.

## SECOND ADDITIONAL DEFENSE

### (Statute of Limitations)

The Complaint, and each purported cause of action alleged therein, are barred, in whole or in part, by the applicable statutes of limitations, including, without limitation, those set forth in

---

[1] SUEZ WTS Services USA, Inc. is the new corporate name of GE Mobile Water, Inc., effective November 19, 2017, which was before the beginning of any limitations period in the case.  The Complaint should therefore name only "SUEZ WTS Services USA, Inc. f/k/a GE Mobile Water, Inc.," and Plaintiff should dismiss "GE Mobile Water, Inc." as a named defendant as a result.

California Code of Civil Procedure §§ 337, 338.1, 339, 340, and 343, California Business & Professions Code § 17208, and 29 U.S.C. § 255.

## THIRD ADDITIONAL DEFENSE

### (Arbitration)

Plaintiff's Complaint is barred because at the time of Plaintiff's hire in 2019, Plaintiff and Defendants executed an agreement to arbitrate that, among other things, expressly provides for arbitration of all disputes of the type alleged in the Complaint, and waives the right to file a class action lawsuit in civil court.  Defendants reserve the right to enforce the arbitration agreement as to all Defendants named in the Complaint, and to file a motion to compel arbitration and a motion to dismiss and/or stay proceedings in the event Plaintiff does not agree to stipulate to the arbitration of his individual claims and dismissal of his class claims.

## FOURTH ADDITIONAL DEFENSE

### (No Employment Relationship)

Plaintiff was not employed by one or both Defendants.

## FIFTH ADDITIONAL DEFENSE

### (No Standing)

The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff lacks standing to pursue the claims for relief in the Complaint on behalf of some or all current or former employees on whose behalf he brought the action.

## SIXTH ADDITIONAL DEFENSE

### (Estoppel)

The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action are estopped by their conduct to assert any cause of action against Defendants.

/ / /

/ / /

/ / /

## SEVENTH ADDITIONAL DEFENSE

### (Unclean Hands)

The Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action have engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by the doctrine of unclean hands.

## EIGHTH ADDITIONAL DEFENSE

### *(Laches)*

The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of *laches*. Employees, including Plaintiff, are instructed on how to report any alleged improper activity. To the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action failed to report any such alleged conduct, their causes of action are barred by the doctrine of *laches*.

## NINTH ADDITIONAL DEFENSE

### (Offset)

To the extent a court holds that Plaintiff is entitled to damages or penalties, which is specifically denied, Defendants are entitled to an offset for any overpayment of wages, forgiveness of debt, and/or other consideration previously provided to Plaintiff.

## TENTH ADDITIONAL DEFENSE

### (Ratification)

Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred on the ground that Plaintiff and/or any current or former employees on whose behalf he brought the action ratified Defendants' alleged actions.

## ELEVENTH ADDITIONAL DEFENSE

### (Waiver)

Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred on the ground that Plaintiff and/or the current or former employees on whose behalf he brought the action have

engaged in conduct that bars the claims for relief in the Complaint, in whole or in part, by virtue of the doctrine of waiver.

### TWELFTH ADDITIONAL DEFENSE

#### (*Res Judicata*/Collateral Estoppel/Claim Splitting)

Plaintiff's Complaint is barred by the doctrines of *res judicata*, collateral estoppel, and/or claim splitting, to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action have asserted any similar claims to those alleged in the Complaint in a previous adjudication on the merits or in other pending or past actions.

### THIRTEENTH ADDITIONAL DEFENSE

#### (Release)

Plaintiff's Complaint, and each cause of action attempted to be stated therein, is barred to the extent Plaintiff and/or the current or former employees on whose behalf he brought the action have given a release in exchange for adequate consideration.

### FOURTEENTH ADDITIONAL DEFENSE

#### (Accord and Satisfaction)

Defendants allege that Plaintiff's claims are barred by the doctrine of accord and satisfaction. Specifically, Plaintiff and/or the current or former employees on whose behalf he brought the action were properly and fully compensated for all work performed for Defendants, and acceptance of these payments constituted an accord and satisfaction for all debts, if any, owed by Defendants.

### FIFTEENTH ADDITIONAL DEFENSE

#### (Contribution by Plaintiff's Own Acts)

The Complaint, and each purported cause of action alleged therein, is barred because any injuries and/or alleged damages were proximately caused by and/or contributed to by the acts, omissions, and/or failure to act by Plaintiff and/or the current or former employees on whose behalf he brought the action.

## SIXTEENTH ADDITIONAL DEFENSE

**(Avoidable Consequences)**

The Complaint, and each purported cause of action alleged therein, is barred by the doctrine of avoidable consequences.

## SEVENTEENTH ADDITIONAL DEFENSE

**(No Knowledge, Authorization, or Ratification)**

Defendants are not liable for the alleged damages because, if any person or entity engaged in intentional, willful, or unlawful conduct as alleged in the Complaint, he/she/it did so without the knowledge, authorization, or ratification of Defendants.

## EIGHTEENTH ADDITIONAL DEFENSE

**(Failure to Inform Employer of Alleged Violations)**

Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Defendants did not have actual or constructive knowledge, or any reason to know, about any alleged unlawful conduct or purported complaints, any alleged failure to pay wages, or any purported late, missed, or interrupted meal periods or rest periods allegedly suffered by Plaintiff or any other purportedly similarly situated current or former employees. Defendants did not have actual or constructive knowledge, or any reason to know, about any alleged inaccuracies regarding wage statements or payroll records of Plaintiff or any other purportedly similarly situated current or former employees. Defendants did not have actual or constructive knowledge, or any reason to know, that Plaintiff or any other purportedly similarly situated current or former employees were denied any meal or rest periods. Plaintiff, therefore, did not provide Defendants with an opportunity to correct any alleged violations and then provide the appropriate remedy, if any, to Plaintiff prior to the time he filed his lawsuit.

## NINETEENTH ADDITIONAL DEFENSE

**(Good Faith Dispute)**

Plaintiff's claims based on a violation of California Labor Code Sections 201 and 202 are barred to the extent that Defendants and Plaintiff and/or the current or former employees on whose behalf he

brought the action had a good-faith dispute as to whether any wages or premiums were due at the time of termination of employment. To the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action are subsequently able to allege that their employment has been terminated, either by involuntary discharge or voluntary resignation, Defendants believe in good faith that all wages and premiums have been, or will have been, paid to Plaintiff and/or the current or former employees on whose behalf he brought the Complaint.

## TWENTIETH ADDITIONAL DEFENSE

### (*De Minimis* Doctrine)

Plaintiff's Complaint, and each cause of action alleged therein, fails to the extent that, even if Plaintiff and/or the current or former employees on whose behalf he brought the action were not paid for all work performed, such work is not compensable pursuant to the *de minimis* doctrine.

## TWENTY-FIRST ADDITIONAL DEFENSE

### (Lack of Knowledge)

Plaintiff's Complaint, and each purported claim alleged therein, is barred to the extent that Defendants did not have actual or constructive knowledge about any purported overtime or off-the-clock work allegedly performed by Plaintiff or any other purportedly similarly-situated current or former employees. *See*, *e.g.*, *Brinker v. Superior Court*, 53 Cal. 4th 1004, 1051-1052 (2012).

## TWENTY-SECOND ADDITIONAL DEFENSE

### (Unreasonable and Unnecessary Expenses)

Defendants satisfied any expense reimbursement obligation under California Labor Code section 2802. Plaintiff's expense reimbursement claims are barred in whole or in part to the extent Plaintiff and the putative class members seek reimbursement for expenses that were not incurred in direct consequence of the discharge of their duties or were not necessary or reasonable.

## TWENTY-THIRD ADDITIONAL DEFENSE

### (No Knowing and Intentional Violation)

Plaintiff's Complaint is barred to the extent that Plaintiff and/or any current or former employees on whose behalf he brought the action cannot allege any facts showing that Defendants, or any officer,

agent, employee, fiduciary, or other person who has the control, receipt, custody, or disposal of, or pays the wages, overtime wages or premium wages due an employee, willfully, knowingly and intentionally violated the provisions of California Labor Code section 226. Plaintiff and the current or former employees on whose behalf he brought the action have, therefore, have no claim pursuant to California Labor Code section 226.

## TWENTY-FOURTH ADDITIONAL DEFENSE

### (Labor Code § 2856)

This Complaint is barred by Labor Code § 2856 to the extent that Plaintiff or any individual he seeks to represent failed to comply with all the directions of their employer, and such failure proximately caused the alleged losses for which Plaintiff or that individual seeks relief.

## TWENTY-FIFTH ADDITIONAL DEFENSE

### (No Injury)

Plaintiff and/or any current or former employees on whose behalf he brought the action have suffered no injury as a result of any alleged violation of California Labor Code section 226 and therefore are barred from recovering penalties.

## TWENTY-SIXTH ADDITIONAL DEFENSE

### (Failure to Take Provided Meal Periods or Rest Breaks)

Plaintiff's claims for failure to provide meal and rest periods are barred to the extent Plaintiff and/or the current or former employees on whose behalf he brought the action were provided all required meal and rest breaks and chose not to take the breaks provided.

## TWENTY-SEVENTH ADDITIONAL DEFENSE

### (Not Compensable Time)

Plaintiff's claims, and those of the individuals he seeks to represent, are precluded to the extent that part or all of the time for which pay is claimed is not compensable time or hours worked.

## TWENTY-EIGHTH ADDITIONAL DEFENSE

### (Waiver of Meal Periods)

Plaintiff's Complaint, and each cause of action contained therein, is barred on the grounds that Defendants have provided compliant meal periods and Defendants have genuinely relieved Plaintiff and/or the current or former employees on whose behalf he brought the action from duty, and Plaintiff and/or putative class members have voluntarily signed legally valid written waivers of any meal periods or voluntarily waived meal periods.

## TWENTY-NINTH ADDITIONAL DEFENSE

### (Waiver of Second Meal Periods)

Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff and/or the current or former employees on whose behalf he brought the action have waived their second 30-minute meal period during shifts, if any, in which they worked at least 10 hours, but less than 12 hours, and were provided with the first 30-minute meal period during those same shifts.

## THIRTIETH ADDITIONAL DEFENSE

### (Excessive Fines)

Plaintiff's claims for statutory penalties are barred because the provision of California law allowing the award of statutory penalties, and the substantive rules, procedures and standards for determining whether or not to award them, and, if so, in what amount, violate Defendants' rights to due process and equal protection under the United States and California Constitutions.  Additionally, the recovery of any statutory penalties against Defendants are unconstitutional under numerous provisions of the United States Constitution and the California Constitution, including the excessive fines clause of the Eighth Amendment, the due process clauses of the Fifth Amendment and Section 1 of the Fourteenth Amendment, the self-incrimination clause of the Fifth Amendment, and other provisions of the United States Constitution, and the excessive fines clause of Section 17 of Article I, the due process clause of Section 7 of Article I, the self-incrimination clause of Section 15 of Article I, and other provisions of the California Constitution.

**THIRTY-FIRST ADDITIONAL DEFENSE**

**(Unavailable Remedies Under the UCL)**

Plaintiff's UCL cause of action fails to the extent that it seeks anything but restitution for alleged violations of the Labor Code that form the basis of the claims under the UCL. As a former employee, Plaintiff lacks standing to seek equitable relief under the UCL.

**THIRTY-SECOND ADDITIONAL DEFENSE**

**(Claim and Issue Preclusion)**

Plaintiff's claims and those putative aggrieved employees are barred to the extent that Plaintiff or any putative aggrieved employees were claimants or plaintiffs or could have been claimants or plaintiffs in any prior litigation or administrative action in which the present claims were or could have been asserted including, but not limited to, any prior class action, collective action, Private Attorney General Act action, claim before the Division of Labor Standards Enforcement, or individual case relating to Plaintiff's or putative aggrieved employees' employment. Plaintiff's claims are further barred to the extent that the relief they seek in this action, or any claim on an issue relevant to this action, was decided against Plaintiff, against any putative aggrieved employees, or against any individuals with similar interest in litigating the matter, in a prior judicial or agency action.

**THIRTY-THIRD ADDITIONAL DEFENSE**

**(Failure to Inform Employer of Alleged Violations)**

Plaintiff's claims, and the claims of the putative class members, are barred to the extent that they were paid a "premium wage" of an additional hour of regular pay for each day, if any, when not provided a meal period or authorized and permitted to take a rest period. The payment of such "premium wages" negates any additional liability for alleged meal or rest period violations.

**THIRTY-FOURTH ADDITIONAL DEFENSE**

**(Failure to Inform Employer of Alleged Violations)**

Plaintiff's expense reimbursement claims are barred in whole or in part because Plaintiff and the putative class did not request reimbursement for any additional business expenses and did not inform Defendants of any alleged unreimbursed expenses, failure to reimburse business expenses, or any

9

alleged insufficiency of the reimbursement Defendants provided. Plaintiff and the putative class, therefore, did not provide Defendants with an opportunity to correct any alleged violations and provide the appropriate remedy, if any, to Plaintiff and the putative class members prior to the time they filed their claims.

## ADDITIONAL DEFENSES

Defendants presently has insufficient knowledge or information upon which to form a belief as to whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

## PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1. That Plaintiff, on behalf of himself and any persons or aggrieved employees whom Plaintiff purports to represent by this action, take nothing by the unverified Complaint;

2. That judgment be entered in favor of Defendants and against Plaintiff and all persons or aggrieved employees Plaintiff purports to represent by this action on all causes of action;

3. That Defendants be awarded reasonable attorneys' fees according to proof;

4. That Defendants be awarded the costs of suit incurred herein; and

5. That Defendants be awarded such other and further relief as the Court may deem appropriate and proper.

DATED: August 4, 2022                SEYFARTH SHAW LLP

By: _____
Ryan McCoy
Michelle Zakarian
Attorneys for Defendants
SUEZ WTS SERVICES USA, INC. and GE MOBILE WATER, INC.

85339247v.1

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, Suite 3100, San Francisco, California. On August 4, 2022, I caused to be served the within document(s):

**DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT FOR DAMAGES**

☒ by having the document(s) listed above placed in a sealed envelope with postage thereon fully prepaid, in the United States mail at 560 Mission Street, Suite 3100, San Francisco, California, addressed as set forth below.

☐ by causing personal delivery, through Nationwide Legal, Inc., the document listed above to the persons at the addresses set forth below.

☐ by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, via e-mail addresses set forth below.

Edwin Aiwazian
Lawyers for Justice, PC
410 West Arden Avenue, Suite 203
Glendale, CA 91203
Telephone: (818) 265-1020
Fax: (818) 265-1021
Email: edwin@calljustice.com;
SS@calljustice.com; e-service@calljustice.com

Attorneys for Plaintiffs

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 4, 2022, at San Francisco, California.

_____
Shari O'Brien

84858479v.1