UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN BULNES, individually, and on behalf of other members of the general public similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SUEZ WTS SERVICES USA, INC., *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:22-cv-01154-BAS-AHG<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE SCHEDULING ORDER DEADLINES**<br><br>**[ECF No. 21]** |

Before the Court is the parties' second Stipulation and Joint Motion to Continue Scheduling Order Deadlines. ECF No. 21. The parties request a 45-day extension of the operative dates in the case schedule, including the fact discovery cut-off and the deadline for Plaintiff to file the motion for class certification. *Id.*

Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Here, since the Court first held a Case Management Conference in this action and

issued its initial Scheduling Order on September 9, 2022, Defendant filed a motion to compel arbitration and dismiss class claims (ECF No. 13), and Plaintiff has filed a motion to remand (ECF No. 14), both of which are fully briefed. The parties accordingly ask that the case schedule be continued while they await the Court's rulings on the pending motions, because "the outcome of these motions are material to the nature and scope of any discovery and class certification motion in this case[.]" ECF No. 21 at 2. The Court previously granted the parties' first request for a 45-day extension of the dates in the case schedule for the same reason. *See* ECF Nos. 19, 20. Once again, the Court finds good cause to **GRANT** the request. The deadlines in the case schedule are **CONTINUED** as follows:

1. Fact and class discovery are not bifurcated, but class discovery must be completed by **April 20, 2023.** "Completed" means that all discovery requests governed by Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be propounded sufficiently in advance of the discovery cut-off date **so that they may be completed** by that date, taking into account the time permitted in the Rules for service, notice, and responses. If any discovery disputes arise, **counsel must meet and confer promptly and in good faith in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the Court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet-and-confer process. If the parties reach an impasse on any discovery issue, the movant must email chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a *neutral* statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the

movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard**, which can be found on the district court website at:

https://www.casd.uscourts.gov/judges/goddard/docs/Goddard%20Civil%20Pretrial%20Procedures.pdf.

2. Plaintiff must file a motion for class certification by **June 20, 2023**.[1]

3. Within **three (3) days** of a ruling on the motion for class certification, the parties must jointly contact the Court via email (at efile_goddard@casd.uscourts.gov) to arrange a further case management conference.

4. The dates set forth herein will not be modified except for good cause shown.

**IT IS SO ORDERED**.

Dated: February 6, 2023

_____
Honorable Allison H. Goddard
United States Magistrate Judge

---

[1] Should Plaintiff not file a class certification motion, he must notify the Court via email (at efile_goddard@casd.uscourts.gov) by **June 23, 2023**.